IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DINAH J. NICHOLS, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File |
| v. | ) ) | No. _____ |
| GENERATION MORTGAGE COMPANY f/k/a CALIFORNIA REVERSE MORTGAGE COMPANY, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## COLLECTIVE ACTION COMPLAINT
## (JURY TRIAL REQUESTED)

For her Complaint against Generation Mortgage Company f/k/a California Reverse Mortgage Company ("Defendant"), Plaintiff Dinah J. Nichols ("Plaintiff") states and alleges upon information and belief, and on behalf of herself and all other similarly situated individuals, as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

1

2.      This Court has jurisdiction over the Plaintiff's claims arising under state law pursuant to 28 U.S.C.§1367.

3.      Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4.      Defendant Generation Mortgage Company f/k/a California Reverse Mortgage Company ("Generation") is a foreign corporation organized and duly existing pursuant to the laws of the State of California; and is qualified to do business in the State of Georgia out of its office at 3565 Piedmont Road, N.E., 3 Piedmont Center, Suite 300, Atlanta, Fulton County, Georgia 30305.  Generation's registered agent is CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

5.      Defendant is an employer as defined by 29 U.S.C. § 203(d).

6.      Plaintiff is a former employee of Defendant, working at the office of Generation in Fulton County, Georgia.   Defendant employed Plaintiff as a mortgage loan underwriter from approximately June 21, 2011 to September 6, 2012. Plaintiff is a resident of the city of Douglasville, Douglas County, Georgia.

7.      Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

8.    Plaintiff's consent form to join this action is attached as Exhibit A.

9.    In addition, to date, several other Plaintiffs have told Plaintiff's Counsel that they wish to join and Plaintiff's Counsel anticipates filing these and other consents shortly.  As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

10.    Plaintiff brings this action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. §216 (b).  Plaintiff and those similarly situated are individuals who were, or are, employed by Defendant in its Atlanta, Fulton County, Georgia office and other locations and who held similar positions that primarily involved providing loan underwriting services at any time within three years prior to the filing of this Complaint, and were required to work in excess of forty (40) hours a week without overtime compensation for the time in excess of forty (40) per week.

11.    Plaintiff and the similarly situated individuals are similar because they were all misclassified as salaried employees whose duties consisted primarily of providing loan underwriting services by telephone while working in Defendant's offices using set criteria or "overlays".  They are also similar because Defendant did not pay them for some or all of the time worked over forty (40) hours in any

week.

12.     Defendant knowingly required Plaintiff and the similarly situated individuals to perform unpaid loan underwriting work.

13.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Plaintiff and those similarly situated.

14.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and those similarly situated, and as such, notice should be sent to the Collective Class.   There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.   Those similarly situated former and current employees are known to the Defendant and are readily identifiable through Defendant's records.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

15.     Plaintiff incorporates the allegations contained in paragraphs 1 through 14 by reference.

16.     During the statutory period, Plaintiff and similarly situated individuals

were employed by Defendant as mortgage loan underwriters using set criteria and guidelines prepared by others to underwrite mortgage loans.  The Plaintiff and similarly situated individuals did not have any contact with the borrowers.

17.    At no time did the Plaintiff and similarly situated individuals set the credit policies of the Defendant.

18.    At no time did the Plaintiff and similarly situated individuals set or create any policy, any business strategy, any business goal, any future direction, any overall efficiency plan, or any mode of operations of the Defendant.

19.    At no time did the Plaintiff and similarly situated individuals set any management policy or general business operation of the Defendant.

20.    At no time did the primary duties of the Plaintiff and similarly situated individuals directly relate to management policies or general business operations of the Defendant.

21.    At no time did the Plaintiff and similarly situated individuals supervise any other individual.

22.    At no time was the Plaintiff and similarly situated individuals allowed to approve loans which did not meet the set criteria or guidelines.

23.    At no time was the Plaintiff and similarly situated individuals allowed to disapprove loans which met the set criteria or guidelines.

24.   At no time was the Plaintiff and similarly situated individuals allowed to suggest to the borrower ways which the borrower could use to meet the set criteria or guidelines.

25.   At all times, the Plaintiff and similarly situated individual were engaged in production rather than administration of the Defendant.

26.   The Defendant failed to record, report, and/or preserve records of hours worked by Plaintiff and similarly situated individuals.

27.   The FLSA requires employers to pay employees for all hours worked. The FLSA, 29 U.S.C. §207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

28.   Defendant's actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff and the similarly situated individuals for time spent on work activities as described in this Complaint.

29.   As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the similarly situated individuals have suffered and will continue to suffer a loss of income and other damages for which the Defendant is liable pursuant to 29 U.S.C. §§ 201 et seq.

30.   By failing to record, report, and/or preserve records of hours worked by

Plaintiff and the similarly situated individuals, Defendant failed to make, keep, and maintain records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §201 et seq.

31.     Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked. This as well as the conduct as aforesaid, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

32.     The Plaintiff and similarly situated individuals seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. §216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

33.     Plaintiff and similarly situated individuals seek recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 20 U.S.C. §216(b).

## COUNT II

### VIOLATION OF STATE LAW
**(Named Plaintiff and those Plaintiffs who may be added to this Count)**

34.     Plaintiff incorporates the allegations contained in paragraphs 1 through 33 by reference.

35. Prior to the time the Plaintiff accepted the job of mortgage loan underwriter with the Defendant, the Defendant represented to Plaintiff that the job of mortgage loan underwriter would require approximately forty (40) hours per week.

36. Prior to and subsequent to the Plaintiff accepting the job of mortgage loan underwriter with the Defendant, the Defendant represented to the Plaintiff that the job of mortgage loan underwriter was exempt from the overtime provisions of the FLSA (hereinafter the "Exemption Representation").

37. The Exemption Representation was false and the Defendant knew that the Exemption Representation was false and made the Exemption Representation with the intent and purpose of deceiving the Plaintiff.

38. The Plaintiff reasonable relied upon the Exemption Representation and suffered damages, including without limitation, consistently worked over forty (40) hours per week.

39. As a result of the aforesaid, the Defendant is liable to the Plaintiff for general and special damages in an amount to be proven at trial.

40. The actions and conduct of the Defendant as alleged within this Count were willful, fraudulent, exhibited bad faith, and evinced an entire want of care which would raise the presumption of a conscious indifference to the consequences to the members of the general public, and in particular to the Plaintiff, who could

8

reasonably be expected to be affected by said actions and conduct. As such, the Plaintiff is entitled to recover punitive and special damages from said Defendant in an amount to be determined by the enlightened conscience of the jury, in order to punish said Defendant for past misconduct and to deter said Defendant from engaging in similar conduct in the future.

41.     As shown herein, Defendant has been stubbornly litigious, has acted in bad faith, and has caused the Plaintiff unnecessary trouble and expense so as to permit Plaintiff to recover her expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. §13-6-11 from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

1.     Judgment against Defendant for an amount equal to Plaintiff's and similarly situated individuals' unpaid back wages at the applicable overtime rate;

2.     An equal amount to the unpaid back wages as liquidated damages;

3.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

4.     Leave to add additional Plaintiffs to the FLSA claim by the filing of written consent forms, or any other method approved by the Court;

9

5.     Leave to amend to add claims under applicable state law for the Plaintiff and those Plaintiffs who join the FLSA claim via consents;

6.     Costs and attorneys' fees to the extent allowed by law;

7.     With respect to the Plaintiff's state law claims general and special damages in an amount to be proven at trial; punitive damages in the amount set by the enlightened conscience of the jury; attorneys' fees pursuant to O.C.G.A. §13-6-11; and

8.     Such further relief as this Court deems just and equitable.

This is to certify that this Complaint for Damages is in Times New Roman, 14 point type.

Respectfully submitted this 25th day of September, 2012.

AUSTIN & SPARKS, P.C.

s/ John T. Sparks, Sr., Esq.
Georgia State Bar No. 669575

2974 Lookout Place, N.E.
Atlanta, Georgia 30305
404-869-0100 / 404-869-200 (fax)
jsparks@austinsparks.com

Attorneys for Plaintiff

10